## ROSWELL KING *vs.* CALEB RICE.

An officer who sells an equity of redemption upon execution, and holds the surplus, after satisfaction thereof, upon a second attachment, which has since failed, is not liable to the judgment-debtor for such surplus, until he has received notice of the dissolution of the second attachment; and therefore the statute of limitations does not begin to run until that time.

If such money is held by a deputy-sheriff, who has since ceased to hold the office, and has left the commonwealth, a demand upon the sheriff, under an oral authority from the plaintiff, is sufficient to render him liable for the money so collected.

THIS action was tried in the court of common pleas for Hampden county, March term, 1852, before *Hoar*, J., who signed the following bill of exceptions :

" Case against the defendant, as sheriff of Hampden county, for the neglect of Joseph Sibley, one of his deputies, to pay over money on an execution. The defendant pleaded the general issue and the statute of limitations. It was proved that on the 5th of September, 1842, one Day, a deputy of the defendant, attached a right in equity of the plaintiff, in a suit of *Smith* v. *King*, and subsequently attached the same in a suit, *Clark* v. *King*. On the 18th of November, 1842, Smith having delivered an execution, recovered in said suit, to said Sibley, the latter sold said equity, and returned that after payment of the execution of said Smith, he held $58.53 to apply on the judgment of said Clark. The case of *Clark* v. *King* was nonsuited, October term, 1844. Sibley is now absent from the commonwealth, and has been absent and out of office for several years, and it did not appear that any direct demand had been made upon him. On the 26th of June, 1849, King, the plaintiff, who had agreed to let John Mills have this money, to pay a debt he owed him, gave Mills an order upon said Day, for the purpose of enabling him to get the money, requesting him to pay over the amount of money in his hands, retained at the sale of an equity some years since ; and said King said to Mills, at this time, that he might be mistaken as to the deputy who sold the equity, and if so, that Mills might call upon the right deputy. On the 26th of

14 *

July, 1849, Mills called upon the defendant for the money, with said order, who engaged to write to Sibley or his sureties, and attend to it. Mills subsequently called upon the defendant, who again promised to see the sureties, and he also said he would pay it, if the sureties did not. A letter from the sheriff to the sureties, dated July 26, 1849, was introduced, and may be referred to. Said Mills was the only witness, and there was no evidence of any other authority of King to him, to demand the payment of the defendant, or of any other notice or demand.

" The defendant contended that the cause of action accrued in a reasonable time after the nonsuit of the suit, *Clark* v. *King;* and also that Mills had no authority to make the demand.

" The court ruled, that the cause of action against a deputy-sheriff, for not paying over to a debtor, money received on the sale of an equity of redemption, and held by the deputy to respond to a second attachment of the equity, would not accrue until the deputy had been notified of the dissolution of the attachment; that if before any such notice, the deputy had ceased to hold his office and left the commonwealth, and continued absent from it, a notice to the sheriff, and a demand upon him for payment, would be sufficient, instead of a demand upon the deputy; and left to the jury the questions, whether a demand was made upon the sheriff, and whether Mr. Mills had authority to make it, as questions of fact, and instructed them, that the evidence offered was competent upon those points. The jury found a verdict for the plaintiff."

*W. G. Bates*, for the defendant. 1. The cause of action accrued on the nonsuit of *Clark* v. *King*, October, 1844, or in a reasonable time thereafter after which an action could have been maintained without demand. *Bailey* v. *Hall*, 4 Shepl. 408; *Rice* v. *Hosmer*, 12 Mass. 127; *Wilcox* v. *Plummer*, 4 Peters, 172; *Lawrence* v. *Rice*, 12 Met. 527.

2. If demand was necessary, Mills had no authority to demand of the defendant.

*E. W. Bond*, for the plaintiff.

SHAW, C. J. We think the directions of the court on the

trial were correct. When Sibley, the deputy of the defendant, then sheriff of this county, sold an equity of redemption belonging to the plaintiff, and satisfied the execution from the proceeds, the balance was undoubtedly the property of the plaintiff. But it was under attachment in another suit, and of course it was necessarily held by the deputy to abide that attachment, till it was dissolved by a nonsuit. But the deputy was not bound to take notice of such nonsuit, and that the attachment was thereby dissolved, until notice given him. In general, no action lies against an officer for money officially received by him, until demand made by the party entitled; and no cause of action occurs till such demand, and the statute of limitations begins to run from that time. *Weston* v. *Ames*, 10 Met. 244. *A fortiori*, where the money is under attachment on mesne process, in behalf of a creditor of the person entitled. No notice having been given or demand made by the plaintiff, till long within six years before the action was brought, the statute of limitations affords no bar.

On the other point, the court are of opinion that if, before such notice and demand, the deputy had ceased to hold office, and left the commonwealth, and was still absent, a notice to the sheriff and demand on him was sufficient, and that the direction of the judge to that effect, on the trial, was correct.

Also, that a parol authority by the plaintiff to Mills, to call on the deputy who sold the equity, was sufficient.

*Exceptions overruled*